United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) ) ) Criminal Case No. 19-20102-CR-Scola ) |
| Aldumar Morales Zuleta, Defendant. | ) ) ) |

**Order Granting Motion for Sentence Reduction**

This matter is before the Court on the Defendant Aldumar Morales Zuleta's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 62.) Mr. Morales Zuleta requests the Court reduce his sentence from 120 months to 108 months. (*Id.*) The Government does not oppose his motion. (ECF No. 64.) After careful consideration of the motion, the record, and the legal authorities, the Court **grants** the motion and reduces Mr. Morales Zuleta's sentence to 108 months. (**Mot., ECF No. 62**.) All other terms of Mr. Morales Zuleta's sentence—including supervised release—remain in full force and effect.

1. **Background**

Mr. Morales Zuleta was indicted for conspiracy to distribute a controlled substance. (ECF No. 3.) He pleaded guilty (ECF No. 46). At sentencing, Mr. Morales Zuleta had an offense level of 33 and zero criminal history points resulting in a criminal history category of I. (ECF No. 53.) The advisory guidelines ranged from 135 to 168 months (*id.*); the Court sentenced Mr. Morales Zuleta to 120 months. (ECF No. 58.)

2. **Legal Standard**

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong,* 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such

> a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

Mr. Morales Zuleta is entitled to a sentence reduction. As noted, the retroactive amendment that Mr. Morales Zuleta invokes here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:

> "(1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);

> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]"

*See id.*

Here, an analysis of Mr. Morales Zuleta's case reveals that he is eligible for a sentence reduction pursuant to Amendment 821. Mr. Morales Zuleta qualifies for the adjustment for zero-point offenders because he meets all the criteria set forth above. In addition, a reduction in Mr. Morales Zuleta's sentence is consistent with the applicable policy statements.

Specifically, a two-level reduction would decrease Mr. Morales Zuleta's offense level from 33 to 31. Level 31 carries an advisory guideline range of 108 to 135 months. Pursuant to the relevant policy statement, the Court cannot reduce Mr. Morales Zuleta's term of imprisonment below the minimum of the amended guideline range—i.e., below 108 months. *See* U.S.S.G. § 1B1.10(b)(2)(A); s*ee also Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 2691 (2010) ("The court is also constrained by the Commission's statements dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by the amendment may be reduced." (cleaned up)). Thus, as the Court initially imposed a sentence of 120 months, and the bottom of the amended guideline range is 108 months, the Court is able to reduce Mr. Morales Zuleta's sentence to 108 months.

Moreover, upon considering the § 3553(a) factors, the Court concludes that Mr. Morales Zuleta is entitled to a reduction in his sentence. Critically, the Court notes that the Government does not oppose Mr. Morales Zuleta's motion for a sentence reduction, also finding that the § 3553(a) factors do not weigh against him. (*See* ECF No. 64.)

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that Mr. Morales Zuleta's motion for reduction of sentence is **granted**, and Mr. Morales Zuleta's sentence is reduced to 108 months. (**Mot., ECF No. 62**.) All other terms of his sentence—including supervised release—remain in full force and effect.

**Done and ordered** at Miami, Florida on February 15, 2024.

_____
Robert N. Scola, Jr.
United States District Judge